IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| AREDIA and ZOMETA PRODUCTS ) | |
| LIABILITY LITIGATION ) | NO. 3-06-MD-1760 |
| ) | JUDGE CAMPBELL |
| This Document Relates To Case Number: ) | |
| 03-06-0527(McKay) ) | |

MEMORANDUM

Pending before the Court is Plaintiff's Motion for Relief from Judgment (Docket No. 4668). Plaintiff asks the Court to set aside its prior ruling in this case that Texas law applies to Plaintiff's failure to warn claim (Docket No. 1478) and its Order that, under Texas law, Plaintiff's failure to warn claim should be dismissed (Docket No. 1479). For the reasons stated herein, Plaintiff's Motion is DENIED.

Plaintiff has filed this Motion pursuant to Fed. R. Civ. P. 60(b)(6), which provides that the Court may relieve a party from an Order for "any other reason that justifies relief." The Court finds that Plaintiff has not carried his burden of showing any reason to justify setting aside the Court's prior Order.

FACTS

Plaintiff McKay originally filed this products liability action in Texas, alleging that Defendant's products, Aredia and Zometa, caused Plaintiff to develop osteonecrosis of the jaw ("ONJ"). The Court previously found that Texas choice-of-laws rules apply in determining which state's substantive law applies in this action.[1] Docket No. 1478. The Court found that, under

---

[1] Under Texas law, the law of the state with the most significant relationship to the litigation applies. *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979).

Texas law, Texas is the state with the most significant relationship to this litigation. *Id.* As a result of the Court's holding concerning the choice of law, the Court granted Defendant's Motion for Partial Summary Judgment and dismissed Plaintiff's failure to warn claim under Texas law. Docket No. 1479.

Plaintiff McKay contended previously that he should be given additional time to conduct discovery with regard to which state has the most significant relationship to this litigation. Similarly, Plaintiff contends here that additional discovery has disclosed "new evidence" that the state with the most significant relationship to this action is California.

DISCUSSION

The Court held before and now holds again that the information concerning which state has the most significant relationship to Plaintiff's claims was available to Plaintiff prior to discovery; that is, information concerning Plaintiff's prescriptions, infusions and treatments has been available to the Plaintiff since those prescriptions, infusions and treatments were given. Plaintiff has not cited "new" evidence which was unavailable prior to discovery.

For example, Plaintiff knew all along that Dr. Leibowitz, his primary oncologist, was in California. Dr. Aboud, upon whose deposition Plaintiff relies in support of this Motion, stated that Plaintiff had a tremendous amount of respect for Dr. Leibowitz and that Plaintiff would not allow Dr. Aboud to sway him from Dr. Leibowitz's opinions. Docket No. 4669, p. 4. Dr. Aboud noted that Plaintiff "always quoted Dr. Bob [Leibowitz]" and agreed that whether Plaintiff received Aredia or Zometa depended upon what Dr. Bob had asked him to get. *Id.*[2]

---

[2] Plaintiff has asserted that this information was unavailable in his medical records, and yet he cites deposition testimony concerning a 12-12-02 medical record which stated: "The patient is currently under an oncologist in California *who supervises and dictates his chemotherapy*

2

Another of Plaintiff's physicians, Dr. Valilis, testified that Plaintiff was clear "up front" that Dr. Leibowitz was the "leader in his care." Docket No. 4669, p. 6. "This is the doctor he trusts the more, and I was just a helper." *Id*. Dr. Valilis also testified that Plaintiff was the conveyor of information between Dr. Leibowitz and himself. *Id*.

Plaintiff's citations to these physicians' depositions indicate that, at the time of his treatments, Plaintiff was aware of and talked with his doctors about Dr. Leibowitz making all primary decisions concerning his care. Even if Plaintiff was not previously aware of these facts, at a minimum, Plaintiff could have *asked* any of his physicians, without the need for formal discovery, who made the decisions concerning Aredia and Zometa. This information could have been provided to the Court on the prior Motion, and it was not.

Alternatively, even if this information was unavailable at the time of the Court's prior ruling, which the Court specifically does not hold, the information certainly has been available since the depositions of those physicians upon whom Plaintiff relies in this Motion. Dr. Aboud's deposition was taken on October 20, 2009 (Docket No. 4669-2); Dr. Valilis' deposition was taken on October 22, 2009 (Docket No. 4669-3); and Dr. Leibowitz's deposition was taken on October 29, 2009 (Docket No. 4669-1). This Motion was filed on May 22, 2011, more than 18 months later.

For these reasons, Plaintiff's Motion for Relief (Docket No. 4668) is DENIED.

IT IS SO ORDERED.

                                             /s/ Todd Campbell
                                             TODD J. CAMPBELL
                                             UNITED STATES DISTRICT JUDGE

---

*and other therapies."* Docket No. 4669, p. 5 (emphasis added).